UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| Natalie Elaine Woods Bey and <br> Clifton Boyd Woods Bey, <br>     Plaintiffs, <br> vs. <br> Ally Bank, Jeffrey Brown, CEO, Jennifer <br> LaClair, CFO, Douglas Timmerman, PAF, <br> David P. Shevsky, CRO, <br>     Defendants. | Civil Action No.: 1:21-01079-STA-jay |

## REPORT AND RECOMMENDATION

Before the Magistrate Judge is Plaintiffs' Motion for Clerk's Entry of Default [D.E. 15]. Defendants have responded in opposition [D.E. 17]. After a review of the pleadings, the Magistrate Judge recommends that Plaintiffs' Motion be denied.

Plaintiffs filed their Complaint on May 24, 2021 and served their Complaint on Defendants on June 17, 2021. On July 6, 2021, Defendants moved for additional time to respond to the Complaint, which was granted [D.E. 8, 9]. On July 29, 2021, Defendants filed a Motion to Dismiss and a Memorandum in Support of their motion. [D.E. 10 and 11]. Thereafter, Plaintiffs moved for a clerk's entry of default on August 16, 2021, which the Clerk denied the same day based on Defendants' July 29, 2021, pleading.

On August 30, 2021, Plaintiffs filed an objection to the Clerk's Order and refiled their Motion for Entry of Default. [D.E. 14, 15]. Defendants state that after Plaintiffs' most recent filing and further investigation, Defendants erred in not effectively serving the Motion to Dismiss on Plaintiffs [D.E. 17 at 2]. These documents were timely electronically filed with the Court's system

but not served by mail as required in this case. Defendants maintain that at the time of filing, counsel was not aware the Plaintiffs were not registered to receive copies of filings electronically. Defendants affirm that they have corrected their error, mailing a copy of the documents by certified mail on September 10, 2021. *Id.* Defendants ask the Court to deny Plaintiffs' motion for an entry of default and grant Plaintiffs an additional 21 days to respond to the Motion to Dismiss [D.E. 17 at 4-5].

Defendants take the position that the Court should deny Plaintiffs' Motion for Entry of Default, despite the clerical error, in the interest of the law's preference for a resolution of the case on the merits. A denial of Plaintiffs' Motion for Entry of Default will avoid unnecessary motion practice. The Magistrate Judge agrees with Defendants that if a default were granted, Defendants would have sufficient grounds to prevail on a motion to set aside the default. Plaintiffs would not be prejudiced by the setting aside of the default, as there would only be a minor delay in advancing the case, which is insufficient to constitute prejudice. *See Hooker v. Hooker*, No. CIV. 11-2252-JTF-TMP, 2014 WL 4718193, at *4 (W.D. Tenn. July 9, 2014), report and recommendation adopted, No. 2:11-CV-02252-JTF, 2014 WL 4716436 (W.D. Tenn. Sept. 22, 2014) (*quoting Krowtoh II LLC v. ExCelsius Int'l Ltd.*, 330 F. App'x 530, 535 (6th Cir.2009)). Second, Defendants correctly argue that the Motion to Dismiss itself is evidence that they have a "meritorious defense" as defined by the case law, which states that if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default," then the defense is meritorious. *See United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 326 (6th Cir.2010) (holding that a defendant is not required to show that its defense is likely to succeed on the merits or offer detailed factual allegations in support of the defense). Third, the Magistrate Judge agrees with Defendants' argument that their mistake in failing to serve their motion and memorandum by

mail does not rise to the level of culpability to sustain a default. "[M]ere negligence or failure to act reasonably is not enough to sustain a default." *$22,050.00 U.S. Currency*, 595 F.3d at 194. *See also Thompson v. Am. Home Assur. Co.,* 95 F.3d 429, 433 (6th Cir.1996).

In conclusion, Plaintiffs were not effectively served with a copy of Defendants' Motion to Dismiss and Memorandum in Support even though these documents were filed with the Court on the deadline to respond to the Complaint. However, given that the mistake was a clerical error and that the mistake in filing has now been remedied, the Magistrate Judge recommends that this Court deny Plaintiffs' Motion for Entry of Default. The Magistrate Judge further recommends that Plaintiffs be given an extension of time of 21 days to respond to the Motion to Dismiss.

Respectfully Submitted this 28th day of September, 2021.

                                              **s/Jon A. York**
                                              UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION.  28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**