IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| NATALIE ELAINE WOODS BEY AND CLIFTON BOYD WOODS BEY, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 1:21-cv-01079-STA-jay |
| ALLY BANK, JEFFREY BROWN, CEO, JENNIFER LACLAIR, CFO, DOUGLAS TIMMERMAN, PAF, DAVID P. SHEVSKY, CRO, ) ) ) ) ) ) | |
| Defendants. ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the United States Magistrate Judge's Report and Recommendation (ECF No. 18) screening Plaintiffs' Motion for Clerk's Entry of Default. (ECF No. 15.) Plaintiffs have timely filed objections to the Magistrate Judge's Report. (ECF No 19.) For the reasons set forth below, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Plaintiffs' Motion.

In essence, due to a clerical oversight, Defendants failed to effectively serve Plaintiffs with their Motion to Dismiss (ECF No. 7), and corresponding Memorandum in Support. (ECF No. 11.) Defendants filed the Motion to Dismiss electronically but did not serve Plaintiffs with a physical copy as required in this case. Because Plaintiffs lacked access to the Court's electronic filing system, Plaintiffs did not receive notice of the Defendants' Motion to Dismiss. Thus, before Plaintiffs received notice of the Motion to Dismiss, they filed a Motion for Clerk's Entry of Default, believing that Defendants had failed to respond to the complaint in a timely manner. On

September 10, 2021, Defendants remedied this error, sending a copy of the relevant documents by certified mail.

Ultimately, it is clear that Defendants made a clerical error.  Both the Magistrate Judge's Report and Recommendation (ECF No. 18) and Defendants' Response to Motion for Entry of Default (ECF No. 16) give ample justification to deny Plaintiffs' Motion.  Federal Rule of Civil Procedure 55(c) provides the overarching principle for determining whether to set aside an entry of default.  Although a default has not been entered in this case, after reviewing the record and law, the Court would be compelled to set aside an entry of default even if initially granted.  Essentially, there is "good cause" to set aside any entry of default that could be granted by the Court.  Thus, granting Plaintiffs' Motion would only serve to delay the action by extending motion practice needlessly, increasing burdens on both parties.  As a consequence, the Court denies Plaintiffs' Motion for Clerk's Entry of Default.

Finally, the Magistrate Judge recommends that the Court grant Plaintiffs 21 days from the entry of this Order to respond to Defendants' Motion to Dismiss.  (ECF No. 10.)  However, Plaintiffs filed their response to Defendants' Motion prior to the issuance of this Order, making the Magistrate Judge's Report and Recommendation moot as to this issue.

For the foregoing reasons, the Report and Recommendation is **ADOPTED**, and Plaintiffs' Motion for Clerk's Entry of Default (ECF No. 13) is **DENIED.**

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: October 19, 2021