IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

NATALIE ELAINE WOODS BEY AND
CLIFTON BOYD WOODS BEY,

    Plaintiffs,

v.                                                                     No. 1:21-cv-01079-STA-JAY

ALLY BANK, JEFFERY BROWN, CEO,
JENNIFER LACLAIR, CEO, DOUGLAS
TIMMERMAN, PAF, DAVID P. SHEVKY,
CRO,

    Defendants.
_____

REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS
_____

On May 24, 2021, Plaintiffs, Natalie Elaine Woods Bey and Clifton Boyd Woods Bey ("Plaintiffs"), filed a *pro se* complaint. (Docket Entry "D.E." 1.) This case has been referred to the United States Magistrate Judge for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) Before the Court is Defendants', Ally Bank, Jeffery Brown, Jennifer LaClair, Douglas Timmerman, and David P. Shevky (collectively "Defendants"), motion to dismiss and memorandum in support pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (D.E. 10, 11.) Plaintiffs submitted a response in opposition. (D.E. 20.) Defendants filed a reply. (D.E. 22.) For the reasons that follow, it is recommended that the Defendants' motion to dismiss be **GRANTED**.

1

I.   PROPOSED FINDINGS OF FACTS

On or about July 26, 2019, Plaintiffs purchased a 2013 Lexus LS460 VIN JTHBL5EF9D5120154 ("Lexus") from Auto Universe in Memphis, Tennessee, for a total of $47,145.92, as reflected in the Retail Installment Sale Contract ("Contract").  (D.E. 10-1.)  Auto Universe assigned its interest to Ally as part of the Contract.  (D.E. 10-1, PageID 104.)  Among other terms, the Contract granted Ally a security interest in the Lexus, detailed how Plaintiffs' failure to make payments could result in a default, and entitled Ally to accelerate the payments on the Contract or repossess and sell the vehicle if Plaintiffs defaulted.  (*Id.*, Page ID 103-04.)  Section 3 in the "Other Important Agreements" portion of the Contract provides the full details of the effect of a default, partially providing:

> d. **We may take the vehicle from you**.  If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it.  If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle.  If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle.  If any personal items are in the vehicle, we will store them for you.  If you do not ask for these items back within 14 days from the day we take your vehicle, we may dispose of them as the law allows.
>
> f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle.  We will send you a written notice of sale before selling the vehicle.  We will apply the money from the sale, less allowed expenses, to the amount you owe.  Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it.  Attorney fees and court costs the law permits are also allowed expenses.  If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else.  If money from the sale is not enough to pay the amount you owe, you must pay the rest to us.  If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

(*Id.*)  In short, these terms of the Contract provide Ally the right to repossess and sell Plaintiffs' Lexus in the event of a default.

Ally notified Plaintiffs of their default on March 2, 2021.  (D.E. 1-1, PageID 67-68.)  In doing so, Ally informed Plaintiffs that it had repossessed the vehicle due to their default, that they

had accelerated the payments, and that Plaintiffs could reacquire the Lexus by paying the full amount remaining on the Contract. (*Id.*) Ally further communicated to Plaintiffs that the remaining amount to be paid was $9,891.11 due by March 7, 2021. (*Id.*) Instead of paying the remaining amount, Plaintiffs insisted that they do not owe a debt, despite the existing Contract, and filed a Complaint against the Defendants. (D.E. 1.) Within the Complaint, Plaintiffs allege that:

> Ally Bank illegally, deceptively, and/or otherwise unjustly, qualified [Plaintiffs] for a loan which Ally Bank knew or should have known that [Plaintiffs] could not qualify for or afford . . . .  Had Ally Bank used a more accurate and appropriate factor, such as Tax Forms and a more determinative level of scrutiny . . . [Plaintiffs] would not have qualified for the loan in the first place.  Consequently, Ally Bank sold [Plaintiffs] a loan product that it knew or should have known would never be able to be fully paid back by [Plaintiffs].

(D.E. 1, PageID 6.)

## II.    PROPOSED CONCLUSIONS OF LAW

A.  Standard of Review

Defendants move to dismiss Plaintiff's claims for lack of subject matter jurisdiction and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. (D.E. 11, PageID 106)  To survive Rule 12(b)(6) dismissal, following the United States Supreme Court's opinions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).  The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).  However, "pleadings that . . . are no more than

conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to 'less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading." (internal quotation marks omitted)); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

4

B. <u>Analysis</u>

    a. <u>Lack of Subject Matter Jurisdiction</u>

Defendants first argue that Plaintiffs have not alleged facts sufficient to establish subject matter jurisdiction. "Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The federal district court has original jurisdiction in two circumstances: (1) where diversity jurisdiction exists; and (2) in "all civil actions arising under the Constitution, laws, or treaties of the United States," referred to as federal question jurisdiction. 28 U.S.C. §§ 1331–32. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

"The statutory language of 28 U.S.C. § 1332 that reads "between . . . citizens of different States" requires complete diversity between all plaintiffs and all defendants, absent particular circumstances not present here." *Guest House at Graceland, LLC v. Pyramid Tenn. Mgmt., LLC*, No. 218CV02074JTFCGC, 2019 WL 1422623, at *1 (W.D. Tenn. Feb. 15, 2019) (*quoting Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Additionally, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Plaintiffs cite the following statutes to support their claim of proper jurisdiction: federal question jurisdiction (28 U.S.C. § 1331), diversity jurisdiction (28 U.S.C. § 1332), admiralty claim (28 U.S.C. § 1333), bankruptcy claim (28 U.S.C. § 1334), and a commerce/antitrust case (28 U.S.C. § 1337.)

As an initial matter, the Magistrate Judge finds that Plaintiffs have not alleged facts sufficient to state proper jurisdiction under an admiralty claim, bankruptcy claim, or a commerce/antitrust claim. The United States Constitution extends the power of the federal courts

5

"to all Cases of admiralty and maritime jurisdiction." U.S. Const. art. III, § 2, cl. 1. Title 28 U.S.C. § 1333(1) confers on the district court exclusive jurisdiction over "any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." "In 1948, Congress enacted the Extension of Admiralty Jurisdiction Act, which broadened admiralty jurisdiction in the district courts to include all cases of damage or injury caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land." *In re Wepfer Marine, Inc.*, 344 F. Supp. 2d 1120, 1123 (W.D. Tenn. 2004) (internal quotation marks omitted). Here, while Plaintiffs state "[t]his is an admiralty/maritime case of action," they merely cite to 28 U.S.C. § 1333 and do not allege facts that sufficiently implicate admiralty or maritime law. (D.E. 1, PageID 4.) "[S]uch bare recitations [of federal statutes] are insufficient to invoke the limited jurisdiction of federal court." *Barboro v. 42 U.S.C. 6543 Alone*, No. 18-cv-2837-SHL-tmp, 2019 U.S. Dist. LEXIS 167012, at *20 (W.D. Tenn. July 26, 2019).

Furthermore, Plaintiffs have not alleged facts sufficient to bring a bankruptcy claim. The relevant text of 28 U.S.C. § 1334(b)'s grant of federal court jurisdiction reads as follows: "the district courts shall have original jurisdiction . . . of all civil proceedings . . . related to cases under title 11." 28 U.S.C. § 1334(b). To be "related to [a case] under title 11," it is unnecessary for the specific civil action to involve "the property of the debtor or the estate." *GE Capital Franchise Fin. Corp. v. GD Deal Holdings, L.L.C.*, No. 1:05-1287-T-An, 2005 U.S. Dist. LEXIS 39096, at *16 (W.D. Tenn. Dec. 28, 2005) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 208 (1995)). "Instead, if the outcome of [the] proceeding could conceivably have any effect on the estate being administered in bankruptcy," the proceeding will be considered within the district court's "related to" jurisdiction under 28 U.S.C. § 1334(b). *GE Capital Franchise Fin. Corp.*, 2005 U.S. Dist.

6

LEXIS 39096, at *16 (citing *In re Dow Corning Corp.*, 86 F. 3d 482, 489 (6th Cir. 1984)).  Yet again, Plaintiffs have only cited to the statute granting bankruptcy jurisdiction to districts courts and have failed to allege that the outcome of this proceeding would have any effect on the estate proceeding to bankruptcy.  Therefore, Plaintiffs' claims do not grant this Court jurisdiction under a bankruptcy claim.

Finally, Plaintiffs have not stated facts sufficient to allege a commerce/antitrust claim.  28 U.S.C. § 1337(a) provides that the "district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."  No Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies has been invoked by Plaintiffs or implicated by any of the factual allegations of the complaint beyond citing the statute.  Thus, this Court does not have jurisdiction pursuant to a commerce/antitrust claim.

Next, Defendants assert that Plaintiffs do not allege facts sufficient to establish diversity jurisdiction because Plaintiffs state that they are domiciled in Tennessee and have not met their burden in pleading the citizenship of any of the Defendants.  (D.E. 1, PageID 3.)  Additionally, Defendants argue that Plaintiffs cannot establish an amount in controversy in excess of $75,000 because, despite Plaintiffs alleging damages of $13,134,000, the damages are actually related to the repossession of the Lexus.  (D.E. 11, PageID 113.)

The Magistrate Judge finds this argument well-taken.  Plaintiffs have not met their burden in establishing the diversity of citizenship of all parties.  Furthermore, the total sale price of the Lexus was $47,145.92, and Plaintiffs have failed to allege facts that would value the damages to a legal certainty to the amount of $13,134,000.  (D.E. 10-1, PageID 101.)  *See Ozormoor v. T-Mobile USA, Inc.*, 354 F. App'x 972, 973 (6th Cir. 2009) ("In determining whether a claim's value exceeds

7

$75,000, we use the plaintiff's alleged amount unless it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed.")  Therefore, the Magistrate Judge finds that Plaintiffs have not sufficiently alleged diversity jurisdiction.

Finally, Defendants claim that Plaintiffs do not establish subject matter jurisdiction because they have not alleged facts that give rise to a federal question.  (D.E. 11, PageID 114.)  28 U.S.C. § 1331 provides that district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  A case arises under federal law, "when it is apparent from the face of the complaint either that the plaintiff's cause of action was created by federal law[,] or if the plaintiff's claim is based on state law, a substantial, disputed question of federal law is a necessary element of the state cause of action."  *Mich. S. R.R. Co. v. Branch & St. Joseph Ctys. Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002).

Plaintiffs' Complaint can be construed as stating claims for breach of contract, fraud in the concealment, fraud in the inducement, intentional infliction of emotional distress, slander of title, quiet title, declaratory relief, "accounting control fraud and set-off," and "Lack of Standing/Wrongful Repossession."  (D.E. 1.)  Each of these claims fall under solely state law.  *See GTP Structures I, LLC v. Wisper II, LLC*, 153 F Supp. 3d 983, 987 (W.D. Tenn. 2015) ("When a party claims a breach of contract, state law applies."); *Consulting Servs. Group, LLC v. Morgan Keegan & Co.*, No. 10-02045-MDL, 2010 U.S. Dist. LEXIS 66917, at *13-15 (W.D. Tenn. July 2, 2010) (holding that federal question jurisdiction was inappropriate because Tennessee law governs whether the defendant's actions constituted fraudulent concealment); *Barboro*, 2019 U.S. Dist. LEXIS 167012, at *20 (dismissing state-law fraud claims for lack of federal question jurisdiction); *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. LEXIS 29701, at *4-5 (W.D. Tenn. Mar. 11, 2015) (adopting Magistrate Judge's recommendation to dismiss state-law

8

claim of intentional infliction of emotional distress for lack of federal question and subject matter jurisdiction); *Currie v. JP Morgan Chase Bank, N.A.*, No. 12-2915-JPM-dvk, 2013 U.S. Dist. LEXIS 99284 (W.D. Tenn. July 16, 2013) (adopting Magistrate Judge's recommendation to dismiss the state-law claim of slander of title for lack of federal question). Thus, because Plaintiffs' Complaint is absent facts alleging that the "cause of action was created by federal law" . . . or is a claim "based on state law" but "a substantial, disputed question of federal law is a necessary element of the state cause of action," it does not arise under a federal question. *Mich. S. R.R. Co.*, 287 F.3d at 573.

Additionally, to the extent that Plaintiff alleges claims involving federal statutes in their "Seventh Cause of Action," as stated previously, "such bare recitations [of federal statutes] are insufficient to invoke the limited jurisdiction of federal court." *Barboro*, 2019 U.S. Dist. LEXIS 167012, at *20; *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 313 (2005) (holding that a party must show more than the "mere need to apply federal law in a state-law claim" to establish federal question jurisdiction); *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) (quoting *Grable & Sons*, 545 U.S. at 313) ("The Supreme Court has repeatedly instructed that it takes more than a federal element "to open the 'arising under' door."). Therefore, the Magistrate Judge finds that Plaintiffs have not established subject matter jurisdiction and recommends dismissal of all claims against the Defendants pursuant to Federal Rule of Civil Procedure 12(b)(1).

    b. <u>Failure to State a Claim</u>

Next, Defendants assert that Plaintiffs' claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (D.E. 11, PageID 116.) In doing so, Defendants state that while individual Defendants are listed

9

among the parties in the Complaint, Plaintiffs only provide a bare, legal conclusion that they "are responsible in some manner for the injuries and damages to Plaintiff[s]." (*Id.*) Accordingly, Plaintiffs have not pleaded adequate factual allegations to support the claims against the individual defendants. (*Id.*) The Magistrate Judge finds this argument for dismissal as well-taken. Any allegations which Plaintiffs attempt to make do not specify how the individual Defendants' alleged conduct is related to the legal conclusions that Plaintiffs present. This failure runs consistent throughout the Complaint and fails to state a claim against the individually named Defendants.

Additionally, Defendants argue that because the claims stem from their contractual relationship with Plaintiffs and because Defendant Ally was acting within its contractual rights, Plaintiffs claims should be dismissed for failure to state a claim. (D.E. 11, PageID 117.) The Magistrate Judge also finds this argument well-taken.

"Under Tennessee law, the essential elements of any breach of contract claim include (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *Evans v. Walgreen Co.*, 813 F. Supp. 2d 897, 941-42 (W.D. Tenn. 2011). Plaintiffs have not denied the existence of the Contract, which evidences that they acknowledged and signed every page. These pages included terms such as specifying what happened if Plaintiffs failed to make the required payments and that Defendants may repossess the Lexus upon default. Plaintiffs do not dispute that they were obligated to make the payments, but instead make the argument that Defendants should have known that they would not be able to fulfill their loan obligations and should have not given them a loan at the outset. (D.E. 1, PageID 6.) While a creative argument, this does not excuse Plaintiffs from the terms of the Contract or constitute a breach. Therefore, because Plaintiffs' claims are derived from the circumstances surrounding the Contract and Defendants were acting pursuant to the terms of the

10

Contract, the Magistrate Judge finds that Plaintiffs have failed to state any claim upon which relief can be granted.

Furthermore, the Magistrate Judge finds that Plaintiffs' claims of fraudulent concealment and fraudulent inducement fail to meet the specificity requirement pursuant to Federal Rule of Civil Procedure 9(b) and should be dismissed. "The particularity requirement has been interpreted to mean that a plaintiff must allege at a minimum 'the time, place, and content of the alleged misrepresentation . . .; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Beard v. Worldwide Mortgage Corp.*, 354 F.Supp.2d 789, 799 (W.D. Tenn. 2005) (quoting *Coffey v. Foamex L.P.*, 2 F3d 157, 162 (6th Cir. 1993). The Sixth Circuit has explained that Rule 9 requires a plaintiff: "(1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent." *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012) (citation omitted). Furthermore, when a plaintiff pursues fraud claims against multiple defendants, it must make "specific allegations as to each defendant's alleged involvement." *N. Port Firefighters' Pension–Local Option Plan v. Fushi Copperweld, Inc.*, 929 F. Supp. 2d 740, 773 (M.D. Tenn. 2013). Thus, mere "'group pleading' . . . fails to meet . . . [Rule] 9(b)'s specificity requirements." *D.E.&J Ltd. P'ship v. Conaway*, 284 F. Supp. 2d 719, 730 (E.D. Mich. 2003), aff'd, 133 F. App'x 994 (6th Cir. 2005). Here, Plaintiffs have failed to plead these specific factual allegations and have instead alleged insufficient legal conclusions. (*See* D.E. 1, PageID 9-12.) Therefore, the Magistrate Judge finds that, even in viewing the Complaint in a light most favorable to Plaintiffs, this Court does not have subject matter jurisdiction and Plaintiffs have failed to state a claim upon which relief may be granted.

11

### III. RECOMMENDATION

For these reasons, the Magistrate Judge recommends that this Court dismiss Plaintiff's claims against all Defendants for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted on this 17th day of February, 2022.

s/ Jon A. York
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION.  28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**